UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICKY C. VOCLAIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-681** |
| **MEDIC EDWARDS DAVIS, ET AL.** | **SECTION "A" (3)** |

### REPORT AND RECOMMENDATION

Plaintiff, Ricky C. Voclain, a state inmate, filed the above-captioned *pro se* and *in forma pauperis* complaint, pursuant to 42 U.S.C. § 1983, against Edward Davis, Sue Morgan, and Liz Brown.[1] He subsequently amended his complaint to also add as defendants the Terrebonne Parish Consolidated Government, the Terrebonne Parish Sheriff's Office, and the Terrebonne Parish Criminal Justice Complex Medical Department.[2] In this lawsuit he alleges that his constitutional rights were violated when he was not given his mental health medication as prescribed on several occasions.

---

[1]   Rec. Doc. 1.

[2]   Rec. Doc. 4. The docket sheet in this case lists Sheriff Jerry Larpenter as a defendant, and Sheriff Larpenter has filed a motion for more definite statement, Rec. Doc. 10. However, Sheriff Larpenter is *not* a defendant in this action. Although plaintiff has improperly named the "Terrebonne Parish Sheriff's Office" as a defendant, Sheriff Larpenter himself has not been made a defendant in either his individual or official capacity.



Edward Davis, Liz Brown, Sue Morgan, and the Terrebonne Parish Consolidated Government have filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56.[3] Plaintiff has opposed that motion.[4]

The principal purpose of Fed.R.Civ.P. 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A complete failure of proof concerning an

---

[3]   Rec. Doc. 13.

[4]   Rec. Docs. 20 and 21.

essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. at 322-23.

The Court has no duty to search the record for evidence to support a party's opposition to summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas, 136 F.3d at 458. Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

In his rambling complaint and amendments to that complaint, plaintiff alleges that on several occasions he was not given mental health medication three times per day as prescribed. Specifically, he alleges that he was not given his medication as prescribed on December 25 - 28, 2004,[5] on January 3, 5, 6, 9, 25, and 28, 2005, and on February 3, 2005.[6]

Edward Davis, Liz Brown, Sue Morgan, and the Terrebonne Parish Consolidated Government argue that they are entitled to summary judgment because plaintiff's medical records, certified copies of which were attached to their motion, clearly show that he was not denied constitutionally adequate medical care.

---

[5]   He claims he missed all three doses on December 25 -27 and two doses on December 28.

[6]   He claims he missed one dose on each of the days listed in 2005.

It is clearly established that the constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, may be violated if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001) (pretrial detainee); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999) (convicted prisoner). However, the United States Fifth Circuit Court of Appeals has held:

> Deliberate indifference is an extremely high standard to meet. ... [T]he plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks and citations omitted). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Thompson, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Even if plaintiff's allegations are true, it is clear that his medical needs were not met with deliberate indifference. At best, plaintiff's claim is that he missed eighteen (18) doses of his mental health medication out of one hundred twenty-three (123) doses over a forty-one (41) day period. While any missed doses are unfortunate, it is clear that occasional missed doses of medication do not rise to the level of a constitutional violation. See Williams v. Cearlock, 993 F. Supp. 1192, 1196 (C.D. Ill. 1998); see also West v. Millen, No. 02-4055, 2003 WL 22435692, at *3 (7th Cir. Oct. 9,

2003) (unpublished), cert. denied, 541 U.S. 944 (2004); Oden v. Conklin, No. 94-2504, 1995 WL 632467, at *1 (7th Cir. Oct. 25, 1995) (unpublished); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); Boutte v. Bowers, No. 3:01-CV-1084-G, 2001 WL 1041761, at *3 (N.D. Tex. Aug. 30, 2001).

Moreover, the Court notes that eleven (11) of the eighteen (18) missed doses occurred over a single four-day period during the Christmas holidays in 2004 as a result of the fact that prison staff waited until plaintiff was almost out of his medication before reordering. At most, that unfortunate oversight would amount to medical malpractice or negligence. However, claims of medical malpractice or negligence are not cognizable in a federal civil rights action. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); see also Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993) ("It is clear that negligent medical treatment is not a cognizable basis upon which to predicate a section 1983 action."). Allegations of malpractice or negligence alone are never sufficient to state a claim for constitutionally inadequate medical care. Hall v. Thomas, 190 F.3d 693, 697 (5th Cir. 1999).

Plaintiff has pointed to no evidence whatsoever to support a finding that his serious medical needs were met with deliberate indifference, an essential element of his case which, if absent, renders all other facts immaterial. On the other hand, defendants have submitted the certified and undisputed medical records in this case, reflecting numerous medical examinations and treatments, which clearly establish that there was in fact no deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").

For all of the foregoing reasons, the Court finds that the motion for summary judgment filed by Edward Davis, Liz Brown, Sue Morgan, and the Terrebonne Parish Consolidated Government should be granted.[7] Accordingly, it is recommended that the claims against those defendants be dismissed.

The two remaining defendants, the Terrebonne Parish Sheriff's Office and the Terrebonne Parish Criminal Justice Complex Medical Department, did not join in that motion. However, for the following reasons, the Court recommends that the claims against those defendants be dismissed *sua sponte* as frivolous.[8]

---

[7] Additionally, the Court notes that alternative bases for dismissal also exist.

First, the Court notes that the medication at issue was mental health medication. He does not allege, much less provide evidence demonstrating, that the occasional missed doses of that medication resulted in physical injury. Federal law provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Second, even if plaintiff were able to show deliberate indifference and physical injury, he still would have stated no claim against the Terrebonne Parish Consolidated Government. Pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny, the United States Fifth Circuit Court of Appeals has held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact for the deprivation of the rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of the official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Plaintiff has made no allegation that the alleged violation of his rights resulted from a policy or custom of the Terrebonne Parish Consolidated Government.

[8] Plaintiff is a prisoner who filed this lawsuit *in forma pauperis*. Rec. Doc. 2. Frivolous claims against governmental entities filed by prisoners shall be dismissed by the district court *sua*

First, those defendants are improper. "[A] sheriff's office is not a legal entity capable of being sued ...." Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988). Likewise, the Terrebonne Parish Criminal Justice Complex Medical Department is not a distinct, juridical entity capable of being sued. Cf. Oladipupo v. Austin, 104 F. Supp. 2d 626, 641-42 (W.D. La. 2000).

Second, even if the defendants were not improper, plaintiff's claim that his rights were violated due to the fact that he missed the eighteen (18) doses of mental health medication is frivolous for the reasons previously set forth in this opinion.[9]

---

sponte. 28 U.S.C. § 1915A(b)(1). A similar duty is imposed to dismiss frivolous claims in actions filed in forma pauperis. 28 U.S.C. § 1915(e)(2)(B)(i). When evaluating the frivolousness of an action, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker v. Koonce, 2 F.3d 114, 115 & n.6 (5th Cir. 1993).

[9]   The Court notes that in his complaint and amendments plaintiff goes into exhaustive detail regarding his attempts to resolve his claims by using the prison's administrative remedy procedure. It appears that plaintiff's statements are included simply as an allegation that he has exhausted his administrative remedies and so is entitled to proceed to federal court. The undersigned does not construe plaintiff's statements as a separate claim that his rights were violated due to the fact that his administrative grievances were not resolved to his satisfaction. However, out of an abundance of caution, the undersigned notes that even if plaintiff is asserting that claim, it is frivolous. In Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005), a prisoner alleged that prison officials failed to properly investigate his grievances and letters complaining about perceived rights violations. The United States Fifth Circuit Court of Appeals held that the claim was frivolous because a prisoner has no federally protected liberty interest in having his grievances investigated and resolved to his satisfaction. Id. at 373-74.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the motion for summary judgment filed by Edward Davis, Liz Brown, Sue Morgan, and the Terrebonne Parish Consolidated Government be **GRANTED** and that plaintiff's claims against those defendants be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's claims against the Terrebonne Parish Sheriff's Office and the Terrebonne Parish Criminal Justice Complex Medical Department be **DISMISSED WITH PREJUDICE** as frivolous 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirty-first day of January, 2006.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**